# United States District Court

EASTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
MICHAEL HENDRICKS JAYSEN RINGLING
a/k/a John Kasell
(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 91-41-01-CR-5

Thomas C. Manning - appointed
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) One
☐ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C., §846 | Conspiracy to possess with intent to distribute and to distribute cocaine base (crack) | 4-19-91 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☒ Count(s) Two (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ 50.00, for count(s) One, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __
Defendant's Date of Birth: __
Defendant's Mailing Address:
c/o U.S. Marshal
Raleigh, N.C.

Defendant's Residence Address:
c/o U.S. Marshal
Raleigh, N.C.

November 25, 1991
Date of Imposition of Sentence

*James C. Fox*
Signature of Judicial Officer

JAMES C. FOX
UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

November 25, 1991
Date

Defendant: MICHAEL HENDRICKS JAYSEN RINGLING  Judgment—Page __2__ of __6__
Case Number: 91-41-01-Cr-5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __328 months__.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
    ☐ at _____ a.m./p.m. on _____.
    ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States marshal.
    ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____

___60 months___

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X] The defendant shall not possess a firearm or destructive device.

1. he shall not incur new credit charges or open additional lines of credit without the approval of the probation office
2. he shall provide the probation office with access to any requested financial information
3. he shall participate as directed in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FINE

The defendant shall pay a fine of $ _____. The fine includes any costs of incarceration and/or supervision.

☐ This amount is the total of the fines imposed on individual counts, as follows:

```
The court does not impose a fine due to the defendant's inability
to pay same.
```

☐ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

  ☐ The interest requirement is waived.
  ☐ The interest requirement is modified as follows:

This fine plus any interest required shall be paid:
☐ in full immediately.
☐ in full not later than _____.
☐ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
☐ in installments according to the following schedule of payments:

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Defendant: MICHAEL HENDRICKS JAYSEN RINGLING  
Case Number: 91-41-01-CR-5  
Judgment—Page 5 of 6

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 35

Criminal History Category: VI

Imprisonment Range: 292 to 365 months

Supervised Release Range: x to 5 years

Fine Range: $ 20,000 to $ 4,000,000

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ Not applicable

☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): sentenced midrange by virtue of the fact that the case is without mitigating or aggravating circumstances, and in light of defendant's poor employment record.

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

Defendant: MICHAEL HENDRICKS JAYSEN RINGLING  
Case Number: 91-41-01-CR-5

Judgment—Page 6 of 6

## DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed On or After November 18, 1988)

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 853a(a)**

IT IS ORDERED that the defendant shall be:

☐ ineligible for all federal benefits for a period of _____ ending _____.

☐ ineligible for the following federal benefits for a period of _____ ending _____:

(specify benefits) _____

**OR**

☒ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 853a(b)**

IT IS ORDERED that the defendant shall:

☐ be ineligible for all federal benefits for a period of _____ ending _____.

☐ be ineligible for the following federal benefits for a period of _____ ending _____:

(specify benefits) _____

☐ successfully complete a drug testing and treatment program.

☐ perform community service, as specified in the probation or supervised release portion of this judgment.

☐ Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. § 853a(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility.**

*THE CLERK OF COURT IS RESPONSIBLE FOR SENDING A COPY OF THIS PAGE AND THE FIRST PAGE OF THIS JUDGMENT TO: U.S. DEPARTMENT OF JUSTICE, OFFICE OF JUSTICE PROGRAMS, WASHINGTON, D.C. 20531.*